UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

| | |
|---|---|
| **MARY JOE BUNDY EVERAGE,**<br>**Plaintiff,**<br><br>V.<br><br>**JOHNSON & JOHNSON and**<br>**JANSSEN PHARMACEUTICALS, INC.**<br>**Defendants.** | **CIVIL ACTION NO. 7:18-22-KKC**<br><br><br>**OPINION AND ORDER** |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on the plaintiff Mary Joe Bundy Everage's motion to remand (DE 6) and her motion to amend her complaint (DE 10). For the following reasons, the Court will deny both motions.

Everage, who is proceeding *pro se*, commenced this action in Knott Circuit Court. In her complaint, she alleges that she took the anti-psychotic drug Risperdal or Risperidone (the generic form ) for ten years and has suffered physical and mental damages. She asserts various claims – all of which are state-law claims –against two defendants: Johnson & Johnson and Janssen Pharmaceuticals, Inc. She alleges that Janssen Pharmaceuticals manufactures the drug and that Johnson & Johnson owns Janssen Pharmaceuticals.

The defendants removed the matter to this Court, asserting that this Court has jurisdiction under 28 U.S.C. § 1332(a) which establishes federal jurisdiction over a matter that is between citizens of different states where the amount in controversy is more than $75,000. In her motion to remand, Everage asserts that diversity of citizenship between the parties does not exist. (DE 6, Motion, ¶ 3.) Nevertheless, she

1

does not dispute that she is a Kentucky citizen. Nor is there any dispute that defendant Johnson & Johnson is a New Jersey citizen or that defendant Janssen Pharmaceuticals is a citizen of both New Jersey and Pennsylvania. There is certainly more than $75,000 in dispute. In her complaint, Everage explicitly requests $20 million for "special damages," $1 million for "general damages," $10 million for "punitive damages," and $1 million for "aggravated damages." (DE 1-2, Complaint at 1.)

The Court has a "virtually unflagging obligation" to exercise jurisdiction over a matter where it exists. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) In her motion, Everage asserts that this matter should be remanded because the federal government "is in bed with Johnson & Johnson, Inc. and the government's psychiatrists who use the anti-psychotic drug [Risperdal] to subdue and control the inmate population." (DE 6, Motion at 3.) This is not an attack on the Court's jurisdiction nor is it grounds to remand this matter. Further, the Court assures Everage that this matter will be decided fairly and impartially and consistent with the facts and applicable law.

Everage also moves to amend her complaint to add Janssen Research & Development, LLC f/k/a Johnson & Johnson Pharmaceutical Research & Development, LLC ("Janssen Research & Development) as a defendant. Everage does not tender an amended complaint. Her current complaint makes no allegations against Janssen Research & Development at all. Accordingly, the proposed amendment could not withstand a Rule 12(b)(6) motion to dismiss, which means the amendment is "futile" and cannot be permitted. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

For all these reasons, the Court hereby ORDERS that Everage's motion to remand (DE 6) and her motion to amend her complaint (DE 10) are DENIED.

Dated July 5, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY