

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

MARY JOE BUNDY EVERAGE,

    Plaintiff,

V.

JOHNSON AND JOHNSON and
JANSSEN PHARMACEUTICALS, INC.

    Defendants.

CIVIL ACTION NO. 7:18-22-KKC

**OPINION AND ORDER**

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the cross-motions for summary judgment filed by the parties (DE 23, 27). In addition, plaintiff Mary Joe Bundy Everage has filed a motion to stay this action (DE 44).

Everage is proceeding *pro se*. She is, however, quite familiar with the Court having been a party to multiple federal actions. In 2005, she was indicted for attempting to impede and obstruct the Internal Revenue Service by making threats of violence and threats of force involving a firearm. (*United States v. Everage*, No. 7:05-11-DLB (filed May 16, 2005)). In that action, Judge David Bunning found that Everage was suffering from a mental disease or defect rendering her mentally incompetent to stand trial, and he ordered her committed for treatment. (*United States v. Everage*, No. 7:05-11-DLB, DE 28, Order (filed Dec. 16, 2005)). Judge Bunning further ordered that Everage be involuntarily administered anti-psychotic medication. (*United States v. Everage*, No. 7:05-11-DLB, DE 63, Order (filed April 17, 2006)). After months of

treatment, Judge Bunning determined that Everage had recovered from the symptoms of her mental illness to the extent that she was able to stand trial. The United States dismissed the charges against her, and Judge Bunning "strongly encouraged" her to continue with the medications that were prescribed by the Federal Medical Center. (*United States v. Everage*, No. 7:05-11-DLB, DE 72, Order (filed Aug. 23, 2006)).

This civil action is one of at least ten complaints she has filed in this district. Among the entities that Everage has sued have been the United States, Wal-Mart Stores, Inc., Ford Motor Company, the Nashville Songwriters Association International, ABC Television Network, Inc., NBC Television Network, Inc., Fox Broadcasting, Central Broadcasting Systems Corporation, Inc., and Walt Disney Company.

With this action, Everage alleges that she took the anti-psychotic drug Risperdal from 2006 to 2008 and then took the generic form, risperidone, until March 2017. She alleges that she has suffered physical and mental damages as a result of the medication. She asserts claims against two defendants: Johnson & Johnson and Janssen Pharmaceuticals, Inc. She alleges that Janssen Pharmaceuticals manufactures the drug and that Johnson & Johnson owns Janssen Pharmaceuticals. She seeks over $30 million in damages.

The Court construes the complaint to assert claims for failure-to-warn and design-defect under Kentucky's Product Liability Act ("PLA"), KRS §§ 411.300 *et. seq.* Under Kentucky law, a product liability action is any action alleging "personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formulation, development of standards, preparation,

processing, assembly, testing, listing, certifying, warning, instructing, marketing, advertising, packaging or labeling of any product." KRS § 411.300.

Everage mentions the terms defamation, breach of contract, and fraud in her complaint. (DE 1-1, Complaint, CM-ECF p. 7.) However, she does not allege a defamatory statement or any specific fraudulent statements. The only contract she mentions is an implied contract to "exercise due care to the patients and users of these manufactured drugs." This claim is based on Everage's allegation that she was injured as a result of taking medication that the defendants manufactured. Those are the only injuries Everage alleges. "The PLA applies to all damage claims arising from the use of products, regardless of the legal theory advanced." *Monsanto Co. v. Reed*, 950 S.W.2d 811, 814 (Ky.1997). "[I]f a claim is brought against a seller or a manufacturer of a product which is alleged to have caused injury, then the PLA applies. . . ." *Id.*

Under Kentucky law, "a product liability plaintiff has one year, after the date he becomes aware of his injury and the offending instrumentality, to file suit." *Hazel v. Gen. Motors Corp.*, 863 F. Supp. 435, 438 (W.D. Ky. 1994) (citing Ky.Rev.Stat. § 413.140(1)(a)). See also *Michals v. Baxter Healthcare Corp.*, 289 F.3d 402, 406 (6th Cir. 2002); *Bosch v. Bayer Healthcare Pharm., Inc.*, 13 F. Supp. 3d 730, 737 (W.D. Ky. 2014); *Lightfoot v. Eli Lilly Pharm. Co.*, No. CV 5:17-149-DCR, 2017 WL 4573377, at *2 (E.D. Ky. May 11, 2017); *Webster v. Pfeiffer Eng'g Co.*, No. 2017-CA-001736-MR, 2018 WL 6423515, at *1 (Ky. Ct. App. Dec. 7, 2018), *review denied* (Mar. 6, 2019).

If an injury is not readily ascertainable or discoverable, then the statute begins to run on the date "the plaintiff discovers, or in the exercise of reasonable

diligence should have discovered, not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *Wiseman v. Alliant Hosps., Inc.*, 37 S.W.3d 709, 712 (Ky. 2000) (quoting *Hazel*, 863 F.Supp. at 438).

Everage alleges in her complaint that she has suffered from side effects caused by the medication "for the past ten years." (DE 1-1, Complaint at CM-EFC p. 5.) In response to the defendants' argument that her claim is time barred, Everage states only that her last prescription for Risperdal or risperidone was filled in March 2017. (DE 29, Response.) The cause of action against the manufacturers of the medication accrued, however, when Everage suffered the injury allegedly caused by the medication. Everage alleges that she began suffering injuries ten years ago. Accordingly, any claims based on those injuries are time barred.

As to Everage's motion to stay this case for six months, in the motion Everage states that she was recently injured in a car wreck. The motion was filed on April 1, 2019. The motions for summary judgment were fully briefed before Everage was involved in the car wreck and before she filed the motion to stay. Because, in resolving the motions for summary judgment, the Court has determined that Everage's claims are time barred, the Court will deny as moot her motion to stay further proceedings in the case.

For all these reasons, the Court hereby ORDERS as follows:

1) Everage's motion for summary judgment (DE 23) is DENIED;

2) The defendants' motion for summary judgment (DE 27) is GRANTED;

3) Everage's motion to stay this case (DE 44) is DENIED as moot; and

4) Judgment will be entered consistent with this opinion.

This 3rd day of April 2019



Signed By:
Karen K. Caldwell
United States District Judge

4